```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
 UNITED STATES OF AMERICA           :
                                    :     ORDER
           - v. -                   :
                                    :     S1 16 Cr. 398 (PAE)
 SAJMIR ALIMEHMETI,                 :
      a/k/a "Abdul Qawii,"          :
                                    :
                      Defendant.    :
                                    :
- - - - - - - - - - - - - - - - - -x
```

WHEREAS, the Government filed a sealed motion pursuant to Section 6 of the Classified Information Procedures Act, 18 U.S.C. app. 3 § 6 (the "Motion"), seeking the implementation of certain protective measures, including partial closure of the courtroom, in connection with the anticipated testimony at trial of one or more of four undercover employees of the Federal Bureau of Investigation ("FBI") who participated in the investigation of this matter in an undercover capacity (the "UCs");

WHEREAS, the fact of the filing of the sealed Motion seeking a limited courtroom closure was promptly reflected on the public docket for this case; and

WHEREAS, the Court has considered the submissions and arguments advanced in connection with the Motion;

The Court hereby makes the following findings:

1

1. There is a substantial probability that requiring the UCs to testify in a fully public proceeding would prejudice compelling interests of the Government, including: (a) protecting the true identities and safety of the UCs and their families; (b) preserving the integrity of other national security investigations; and (c) maintaining law enforcement's ability to deploy the UCs effectively in an undercover capacity;

2. There are no reasonable alternatives to partial closure of the courtroom that can adequately protect the compelling interests that would be prejudiced by requiring the UCs to testify in open court; and

3. The prejudice to the compelling interests identified above overrides the qualified First Amendment right of the public and the press to access the proceedings without the limited restrictions implemented herein.

Accordingly, pursuant to <u>Waller</u> v. <u>Georgia</u>, 467 U.S. 39 (1984), <u>United States</u> v. <u>Doe</u>, 63 F.3d 121 (2d Cir. 1995), and <u>United States</u> v. <u>Alcantara</u>, 396 F.3d 189 (2d Cir. 2005), among other authority,

IT IS HEREBY ORDERED that:

4. During the testimony of the UCs, only the Court, essential courtroom personnel, the defendant, the defendant's

counsel, and the Government's trial team are permitted to be present in the courtroom;

5. This partial closure of the courtroom shall be tailored as follows: (a) a live audio broadcast of the UCs' testimony shall be made available to the public at another location in the courthouse; and (b) transcripts of the UCs' testimony shall be made publicly available as soon as feasible after their testimony; and

6. The public docket shall be updated promptly to reflect the disposition of the Motion seeking a partial courtroom closure, including the fact that, during the testimony of the UCs, the measures set forth in Paragraphs 4 and 5 above will be implemented.

IT IS HEREBY FURTHER ORDERED that:

7. Public disclosure of the true identities of the UCs in connection with the trial of this matter is prohibited;

8. The UCs are permitted to testify under the pseudonyms that they used during the investigation of this matter instead of their true names;

9. The UCs are permitted to enter and exit the courthouse through non-public entrances on the dates of their testimony, and the courthouse staff and U.S. Marshals Service

3

shall assist the Government to make the necessary arrangements for the use of such non-public entrances by the UCs;

10. Any videos, photographs, or other images of the UCs that are shown in open court, or otherwise made available to the public, shall be altered to pixelate or otherwise obscure the UCs' faces (this measure shall not apply to materials viewed only by the Court, essential courtroom personnel, the jury, the defendant and his counsel, and the Government's trial team);

11. The use of all non-official recording and photographic devices and methods, including sketching, is prohibited during the UCs' testimony;

12. The defense shall not elicit at trial, during cross-examination of the UCs or otherwise, personal identifying information relating to the UCs;

13. The defense shall not elicit at trial, during cross-examination of the UCs or otherwise, information about the UCs' participation in other investigations or undercover activities unrelated to the defendant; and

14. The defense shall not elicit at trial, during cross-examination of the UCs or otherwise, information relating to operational aspects of the means and methods used by law enforcement to record the defendant's communications, such as

4

the installation, placement, location, and concealment of recording devices.

SO ORDERED.

Dated:   New York, New York
         December __, 2017

```
                                    _____
                                    HONORABLE PAUL A. ENGELMAYER
                                    United States District Judge
                                    Southern District of New York
```