UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                          :
                                                  :
            - v -                                 :
                                                  :      **16 Cr. 398 (PAE)**
**SAJMIR ALIMEHMETI**,                            :
                                                  :
            Defendant.                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


<u>**SAJMIR ALIMEHMETI'S MOTIONS IN LIMINE**</u>


                                    Federal Defenders of New York
                                    Attorneys for Defendant
                                            Sajmir Alimehmeti
                                    52 Duane Street - 10th Floor
                                    New York, NY 10007
                                    Tel.: (212) 417-8713

                                    Sabrina Shroff
                                    Sylvie Levine
                                            Of Counsel


TO:         Joon Kim
            United States Attorney
            Southern District of New York
            1 St. Andrew's Plaza
            New York, NY 10007


ATTN:       Emil Bove, Esq.
            George Turner, Esq.

Sajmir Alimehmeti respectfully submits the following motion in limine in advance of

trial, which is scheduled to begin on January 29, 2018.  Mr. Alimehmeti is charged with two

counts: providing material support to a foreign terrorist organization, in violation of 18 U.S.C.

§ 2339B and 2, and making a false statement in an application for a passport to facilitate an act

of international terrorism in violation of 18 U.S.C. § 1542.  The government alleges, in brief, that

Mr. Alimehmeti provided material support to the Islamic State (IS) by accompanying an

undercover agent on various errands knowing that he was going to join IS, and also lied on a

passport application so that he too could eventually travel to the Caliphate.

For the reasons described below, the defense asks that the Court preclude the government

from cross-examining Mr. Alimehmeti about any prior convictions.[1]

The Court should preclude the government from cross-examining Mr. Alimehmeti about any
prior convictions.

Pursuant to Rule 609 of the Federal Rules of Evidence, should Mr. Alimehmeti testify,

the Court should preclude the government from attacking his character for truthfulness with

evidence of any prior conviction.  Mr. Alimehmeti has three misdemeanor convictions stemming

from a single arrest.  Specifically, on September 6, 2012, he entered guilty pleas to: (i) assault in

the third degree, (ii) forcible touching, and (iii) public lewdness.  None of those convictions are

probative of his veracity.

Mr. Alimehmeti has not been convicted of any felony.  Therefore, he has no convictions

that are admissible pursuant to Rule 609(a)(1).  The only convictions of any sort that Mr.

---

[1] The government informs counsel that it views the prior convictions as potential topics of cross-
examination, should Mr. Alimehmeti testify.

Alimehmeti has within the last 10 years are misdemeanors and none of those fall within the category of conviction authorized to be admitted pursuant to 609(a)(2).

Rule 609(a)(2) allows admission of crimes, regardless of the punishment, that have as an element a "dishonest act or false statement."  Mr. Alimehmeti has never been convicted of fraud, or perjury, or any other crime that could be probative of his truthfulness.  To the contrary, Mr. Alimehmeti's three misdemeanor convictions have nothing to do with veracity; they do not involve dishonesty or false statement.   See United States v. Hayes, 553 F.2d 824, 827 (2d Cir. 1977) (finding that crimes of force, such as assault, "do not come within" Rule 609(a)(2)); Newton v. City of New York, 171 F. Supp. 3d 156, 170 (S.D.N.Y. 2016) (finding attempted rape of a minor was not probative of truthfulness); Sedney v. Blot, No. 00-CV-1302 (LTS), 2003 WL 22839801, at *1 (S.D.N.Y. Dec. 1, 2003) (finding statutory rape conviction was not "a type of crime described in Rule 609(a)(2)").

For the above-stated reasons, this motion in limine should be granted in its entirety.

Reservation of rights

Mr. Alimehmeti respectfully reserves his right to make further evidentiary objections, whether by motions in limine or at trial, as needed.  The government has not provided sufficient specificity regarding its intended trial evidence to enable the defense to move now on all objectionable materials.

Dated:          New York, New York
                December 8, 2017

                                    By:     /s/_____
                                            Sabrina Shroff
                                            Sylvie Levine
                                            Attorneys for Defendant
                                                Sajmir Alimehmeti