

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

December 12, 2017

**Via ECF & Email**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    **United States v. Sajmir Alimehmeti,**
                **16 Cr. 398 (PAE)**

Dear Judge Engelmayer:

      The Government respectfully submits this letter in response to the Court's December 11, 2017 Order. (Dkt. No. 75).[1] The Government believes that the phrase at issue from Section 1542—"if the offense was committed to facilitate an act of international terrorism"— establishes "an element of a distinct and aggravated crime." *Alleyne* v. *United States*, 133 S. Ct. 2151, 2163 (2013). Thus, the Government will ask the Court to submit a special interrogatory to the jury inquiring whether this element has been established beyond a reasonable doubt. *See id.* However, the defendant can still be convicted of a lesser-included violation of Section 1542 (as charged in the initial Indictment), and subject to a shorter statutory maximum term of imprisonment, if the jury concludes that the Government has not met its burden on the issue presented by the interrogatory. *See United States* v. *Dhinsa*, 243 F.3d 635, 674 (2d Cir. 2001) ("The indictment need not charge the defendant with the lesser offense in order for the trial court to submit that offense to the jury."); *see also* Fed. R. Crim. P. 31(c)(1).[2]

---

[1] The Government has not yet identified apposite charges from other cases relating to this issue, but will continue to look after today's conference.

[2] *Cf. Christie* v. *United States*, No. 13 Civ. 7780, *et ano.*, (RWS), 2014 WL 2158432, at *7 (S.D.N.Y. May 23, 2014) ("A defendant who is charged with an aggravated drug offense may still be convicted of a 'lesser-included' drug amount, even if that lesser amount is not specifically alleged in the indictment.").

Hon. Paul A. Engelmayer  Page 2
December 12, 2016

      The distinction between the lesser-included offense and the aggravated crimes set forth in Section 1542 derives from the text of the statute. *Cf. Almendarez-Torres* v. *United States*, 523 U.S. 224, 228 (1998) ("We therefore look to the statute before us and ask what Congress intended."). Section 1542 contains three paragraphs. The first two paragraphs set forth the elements of two separate offenses, only one of which is charged in the Superseding Indictment. The third paragraph of Section 1542 establishes a tiered set of maximum penalties for the crimes defined in the first two paragraphs of the statute. *See* 18 U.S.C. § 1542 (noting that those who violate either of the first two paragraphs "[s]hall be fined under [Title 18], and imprisoned . . ."). The legislative history of Section 1542 is consistent with its structure. After the law was enacted in 1948, it was amended in 1994 in order to increase the statutory maximum term of imprisonment from five to 10 years. *See* Violent Crime Control and Law Enforcement Act of 1994, Pub. L. 103-322, Title XIII, § 130009(a)(2), Sept. 13, 1994, 108 Stat. 1796. The title of the pertinent section of the bill was "Passport and Visa Offenses *Penalties Improvement*." *Id.* (emphasis added). The enhancement in question in Section 1542 (as well as other enhancements) was added in 1997 pursuant to the Omnibus Consolidated Appropriations Act, Pub. L. 104-208, Sept. 30, 1996, 110 Stat. 3009. The pertinent section of this bill was titled "*Increased Criminal Penalties* for Fraudulent Use of Government-Issued Documents." *Id.* Div. C, Title II, § 211(a)(2), 110 Stat. at 3009-569 (emphasis added). Congress used the same subsection of the bill to add identical language to "Sections 1425 through 1427, sections 1541 through 1544, and section 1546(a)." *Id.* The fact that Congress added this tiered, aggravated-offense structure across multiple parts of the criminal code supports the inference that Congress intended to maintain the substantively distinct, lesser-included crimes defined in each section. Accordingly, the Government respectfully submits that the defendant "may be convicted of violating the statute even if the jury does not find . . . facilitation" of an act of international terrorism. (Dkt. No. 75).

      Respectfully submitted,

      JOON H. KIM
      Acting United States Attorney

By: _____
      Emil J. Bove III
      George D. Turner
      Assistant United States Attorneys
      (212) 637-2444

Cc:   Defense Counsel
      (Via ECF)