```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                           16 CR 398 (PAE)

SAJMIR ALMEHMETI,

            Defendant.

------------------------------x
                                         New York, N.Y.
                                         January 5, 2018
                                         4:00 p.m.

Before:

                 HON. PAUL A. ENGELMAYER,

                                         District Judge


                      APPEARANCES

GEOFFREY S. BERMAN
     Interim United States Attorney for the
     Southern District of New York
GEORGE TURNER
EMIL BOVE
     Assistant United States Attorneys

ANTHONY STRAZZA
     Attorney for Defendant

SUSAN KELLMAN
     Attorney for Defendant

FEDERAL DEFENDERS OF NEW YORK
     Attorneys for Defendant
BY:  SABRINA SHROFF
     SYLVIE LEVINE

ALSO PRESENT:
Joseph Landers, FBI Special Agent
```

1                  (Case called)

2                  THE COURT: Who do I had have for the government.

3                  MR. TURNER: Good afternoon, your Honor. George
4      Turner and Emil Bove for the government. With us is Special
5      Agent Joseph Landers of the FBI.

6                  THE COURT: Good afternoon to both of you.

7                  For Mr. Alimehmeti?

8                  MS. SHROFF: Good afternoon, your Honor. Federal
9      Defenders of New York by Sabrina Shroff and Sylvie Levine for
10     Mr. Alimehmeti.

11                 MR. STRAZZA: As Curcio counsel, Anthony Strazza.

12                 THE COURT: I just want to acknowledge in the
13     audience, at least for the time being, is Susan Kellman, CJA
14     counsel, who I asked to be present in the event that the
15     hearing today takes the direction of needing the substitution
16     of counsel.

17                 Ms. Kellman, I thank you for being here on relatively
18     short notice

19                 MR. KELLMAN: My pleasure. Thank you, Judge.

20                 THE COURT: This morning the court issued a decision
21     resolving most of the pending motions in limine. Of greatest
22     consequence here, the court resolved, to the extent the current
23     record permits to resolve the admissibility of MCC-based
24     sharing of terrorist propaganda and the government alleges
25     occurred. The court will permit such evidence to be received

1  at trial, though the particulars remain to be worked out.

2  Ms. Shroff, I think in the end you were correct, that
3  it made sense to resolve that issue sooner rather than later
4  for the clarity that it lends to the representation issues
5  here. Thank you for encouraging me to prioritize that. I
6  appreciate the outcome of it is not what you wanted. It at
7  least does lend clarity to the representation issues before us.

8  The purpose of this conference in the first instance
9  is to continue the Curcio proceeding that has been the subject
10 of the December 22 and January 2 conferences. Let me begin, I
11 think, there by calling on you, Mr. Strazza, for a status
12 report.

13 MR. STRAZZA: Yes, your Honor.

14 First of all, I have had another opportunity, another
15 two opportunities, to meet with Mr. Alimehmeti. Mr. Alimehmeti
16 had indicated that he could benefit for some more time speaking
17 with me and, in fact, we did do that.

18 After doing that, he maintains the position he had at
19 the last conference, which is that he is happy with his current
20 counsel. However, he does not wish to enter any waivers.

21 THE COURT: Let me make sure I understand what that
22 means. I am glad to know, and entirely unsurprised, that he is
23 happy with his current counsel, who are superb lawyers and very
24 dedicated. On the other hand, we have here a situation where,
25 through no fault of any counsel, there is a potential conflict

I15sALIc

1  situation.
2      I understand you to be saying to me that
3  notwithstanding his happiness with the representation he has
4  received by Federal Defenders, he chooses not to waive the
5  potential conflict presented by their representation of not
6  only him, but Mr. Rahimi and the person we have been referring
7  to as defendant one; is that correct?
8      MR. STRAZZA:  That's correct.
9      THE COURT:  Have you had enough time with
10 Mr. Alimehmeti at this point to thoroughly review those issues?
11     MR. STRAZZA:  Yes.
12     THE COURT:  Are you confident that the judgment that
13 he is reaching as to that point is a durable one?
14     MR. STRAZZA:  Yes.
15     THE COURT:  Do you feel that, unlike last time, there
16 is any, in which you had indicated there had been some change
17 in his views from those originally articulated to the ones more
18 recently articulated, at this point, do you see any perceptible
19 likelihood that those views will change?
20     MR. STRAZZA:  No.
21     THE COURT:  Let me ask you, Mr. Alimehmeti, whether
22 what Mr. Strazza has just reported to me is correct?
23     THE DEFENDANT:  Yes.  Yes, it's correct.
24     THE COURT:  Have you had enough time with Mr. Strazza
25 to work through, to discuss the issues presented by the

1  representation by Federal Defenders, both of you, as well as
2  the two other individuals I just referred to?
3             THE DEFENDANT:  I have, your Honor.
4             THE COURT:  Do you feel that you have a well thought
5  out understanding of the potential issues that that potential
6  conflict might raise?
7             THE DEFENDANT:  I do.
8             THE COURT:  Have you had enough time to think through
9  this issue by now?
10            THE DEFENDANT:  Yes.
11            THE COURT:  Is Mr. Strazza correct that having thought
12 about it, although you are very happy with the work that your
13 lawyers have done and with the relationship you have developed,
14 that you are not prepared to waive the conflict presented by
15 their multiple representations?
16            THE DEFENDANT:  That's correct, your Honor.
17            THE COURT:  Are you asking for any more time to
18 reflect on this, or is that, as they say, your final answer?
19            THE DEFENDANT:  I don't need any more time.  This is
20 my final answer, your Honor.  Thank you.
21            THE COURT:  All right.  Let me then take stock asking
22 both sets of counsel what their views are at this stage in the
23 game as to how to proceed.
24            Beginning with the government.
25            MR. TURNER:  Your Honor, in light of the defendant's

1 decision here today not to waive the potential conflict, it
2 would appear from our perspective that a substitution at this
3 point would be appropriate, Judge.
4     THE COURT: Is there any alternative to it?
5     MR. TURNER: Judge, we do not see an alternative to
6 that.
7     THE COURT: Ms. Shroff, Ms. Levine, I realize I know
8 that you have submitted a letter indicating essentially your
9 perspective of what the defendant's waiver decision would be,
10 what your views were from the perspective of the ethical duties
11 of Federal Defenders. Put that aside for a moment, focusing
12 just on the fact of your client's decision not to waive the
13 conflict. Do you agree with the government at this point there
14 really is no alternative but to substitute counsel?
15     MS. SHROFF: No. I think the court could revise its
16 404 and 403 rulings and that would eliminate rupturing our
17 relationship with Mr. Alimehmeti of 16 months. But short of
18 the court reconsidering the admissibility of that evidence, no.
19     THE COURT: Fair enough. Let me then present the
20 question a little more clearly.
21     Given the decision I have made on the motions in
22 limine as it relates to this evidence, which was itself a
23 thought-out decision, as I hope was apparent from the written
24 decision, given that that decision is one that I am confident
25 is correct, in your view, does the court have any choice other

1    than to appoint success or counsel?

2             MS. SHROFF:  I cannot see how.  Even if you appointed
3    another lawyer to do portions of it, there is no other way I
4    see other than us being relieved.

5             THE COURT:  Mr. Strazza, just for the benefit, since
6    you have now been with us for several weeks, do you see any
7    other way through this?

8             MR. STRAZZA:  No, your Honor.

9             THE COURT:  Mr. Alimehmeti, I want to make sure that
10   you understood what the implications were of your declining to
11   waive the conflict.  I am not in any way, shape or form
12   pressuring you to do this, to do anything different than what
13   you're doing, I just want to make sure that you understand that
14   the implications of your not waiving the conflict are that it
15   makes it hard, if not impossible, for your counsel, given the
16   ruling that I have made, to continue to stay on.

17            You understood that at the time you told me what your
18   decision was?

19            THE DEFENDANT:  Yes, your Honor.

20            THE COURT:  All right.  In that case, I will need to
21   appoint successor counsel.

22            Let me back up.  I had my staff e-mail both parties,
23   both sets of counsel today, making sure that they had seen this
24   morning's decision and alerting them that, after reaching out
25   to a number of cleared counsel, I had determined that

Ms. Kellman was available and appeared to be conflict free herself in terms of taking on this matter.

Let me, though, confirm on the record from the government that you're unaware of any conflict that would prevent Ms. Kellman from taking this matter on as successor counsel?

MR. TURNER: That's correct, Judge.

THE COURT: Then I will appoint, effective immediately, Ms. Kellman as counsel for Mr. Alimehmeti.

Mr. Alimehmeti, I have had the great pleasure of having Ms. Kellman before me on a number of matters, including a very lengthy trial. I know how pleased you have been with the superb lawyers who have helped you to this point. I can represent to you, having had the benefit of Ms. Kellman's advocacy in front of me on a number of occasions and being well familiar with her reputation with my colleagues, that you are about to be represented by another superb attorney.

THE DEFENDANT: Thank you.

THE COURT: I think that, however, I do not want to, at this stage, immediately relieve Ms. Shroff and Ms. Levine. I want there to be some period of transition so that Ms. Kellman can get up to speed and get the benefit of all of the work product and knowledge capital. I know, of course, Ms. Shroff and Ms. Levine will be available to Ms. Kellman even after you're formally substituted. I think there is some value

1    to have a period of overlap.
2               Ms. Shroff, and Ms. Levine, are your files and
3    materials in position for ready transfer to Ms. Kellman?
4               How long do you think it will take for you to
5    familiarize with your no doubt very advanced thinking in the
6    case?
7               I say this because although there is a real conflict
8    here, it also relates to a corner of the case, not to its
9    essence, therefore I assume on a host of issues, including how
10   you would be tackling some of the issues presented by, for
11   example, the undercover tapes and the like, you no doubt have
12   well thought out ideas and I want to make sure that those are
13   not lost in the transition to Ms. Kellman.
14              Do you have any sense of how long it will take to make
15   sure that there is as much of a knowledge and materials
16   transfer to Ms. Kellman as possible?
17              MS. SHROFF:  Your Honor, Ms. Levine and I had set
18   aside from January 1 until January 29 for no one other than
19   Mr. Alimehmeti.  We have a lot of free time.  Whenever
20   Ms. Kellman is ready, we are happy to accommodate her.
21              THE COURT:  All right.  Then why don't we do this.
22   For the time being, I would like you to continue on as counsel
23   through the date of what I had set as our next conference in
24   the case, which is January 25 at 2:00 p.m.
25              I think at that conference, Ms. Kellman, I expect you

1   will be substantially more up to speed in the case and will be
2   in a position to talk about potential scheduling.  I am going
3   to set aside a potential trial date.  I think there is value in
4   allowing people to organize their lives around a schedule that
5   I expect to be workable, given my familiarity with the case,
6   given my knowledge of Ms. Kellman, and given that she is
7   inheriting a considerable amount of quality legal work product.
8           But I will, of course, be flexible and consider
9   applications otherwise once, Ms. Kellman, you've been able to
10  take stock of the case.  But for the time being, I would like
11  Ms. Shroff and Ms. Levine to remain as counsel for the purposes
12  of an orderly and effective transition until that next
13  conference.  Then we'll take stock of whether you are to be
14  relieved at that point.
15          What is relevant here is for the purposes of trial,
16  for the purposes of any work that is pretrial that has anything
17  to do with this MCC issue, I don't expect that you will be
18  participating with Ms. Kellman.  She has got to own that on her
19  own, given the nature of the conflict here.
20          MS. SHROFF:  Certainly, your Honor.
21          THE COURT:  All right.  I am going to schedule or
22  retain the next conference for January 25 at 2:00 p.m.
23          Ms. Kellman, I will issue an order either later today
24  or first thing on Monday that formally makes your appointment,
25  but it will be nunc pro tunc effective to today.

1       MR. KELLMAN:  Thank you, Judge.

2       THE COURT:  I appreciate as well, given my heads up to
3  you, that you were in line to be appointed successor counsel,
4  you have no doubt worked to getting up to speed in the case and
5  you have made a record of that time.  That is part of the
6  recommendation.

7       MR. KELLMAN:  Yes, Judge.

8       THE COURT:  I should add one other thing before
9  approving the substitution of counsel, as necessary.  I
10 certainly agree with all counsel that the decision by
11 Mr. Alimehmeti, which is entirely understandable, not to waive
12 the conflict, requires that result.

13      I am, though, going to add the following.  Having
14 thought at some length about the letter that Federal Defenders
15 submitted as to why, even had there been a waiver, a
16 substitution of counsel was necessary, I am fundamentally
17 persuaded by what Federal Defenders has to say.

18      Having spent time as well in the robing room with
19 Ms. Shroff and Ms. Levine trying to understand in a more
20 granular way the challenges that would be presented to Federal
21 Defenders in defending Mr. Alimehmeti with respect to the
22 corner of the case that is the MCC evidence, I am persuaded
23 that taking on that representation would have put Federal
24 Defenders in a very challenging predicament, and I think the
25 points that they have made are well taken as to why, given the

1     ruling of this morning, there would be good grounds to move to
2     withdraw independent of Mr. Alimehmeti's judgment.
3            In approving the withdrawal and substitution, I am
4     really relying independently on both Mr. Alimehmeti's
5     declination to waive as well as the sound arguments made in
6     much of the Federal Defenders' memo.  The only thing I think I
7     need to cover, and then I'll open the floor to counsel if there
8     is anything else they want to cover, to set aside a tentative
9     trial date.
10           I'll set this case down tentatively for trial on
11    May 7, with the expectation that the jury selection would begin
12    the week before, essentially the same structure as we had
13    before where jury selection will be done beginning one Monday
14    and going as far as we need into one week, that is to say the
15    week of April 30, and then trial beginning May 7.
16           I have determined from my chamber's outreach to
17    Ms. Kellman that, broadly speaking, that time frame is
18    available to her.  There may be a need to modify things at the
19    margin a bit here or there.  I am going to ask counsel to hold
20    those dates.  It is my preliminary judgment that that amount of
21    time, which amounts to about a four-month adjournment, is a
22    realistic amount of time given the complexity of the case,
23    given the legal issues, given the volume of discovery, given
24    the fact that there are classified materials that have been
25    made available to cleared counsel.  I want to make sure that

1     Ms. Kellman has the time to master the case, think about the
2     strategy, and get to know Mr. Alimehmeti so that she can be as
3     ready for trial as possible.
4              At the same time, I am unprepared to say that any
5     longer adjournment is clearly necessary.  Mr. Alimehmeti has
6     been held for well over a year now, and I would like the case
7     to move as promptly towards trial as possible.  For the time
8     being, I think time has been excluded up until the trial date.
9     I am not going to modify any of that for now.  I expect there
10    will be an application with respect to an exclusion of time on
11    January 25, once Ms. Kellman has taken greater ownership of the
12    case.
13             With that, Ms. Kellman has risen.  Why don't you come
14    forward if you wanted to speak and use the microphone.
15             MR. KELLMAN:  Your Honor, I just want to be clear
16    about a few things.  Having read the complaint in the case, I
17    realize that there appears to be a tremendous amount of
18    undercover recordings that I'll need to familiarize myself
19    with.  And in the brief work that I have done today and last
20    night, I learned firsthand from Ms. Shroff and Ms. Levine that
21    there is hundreds of hours of recorded conversations and also
22    material that was found on the defendant's computers and other
23    devices.
24             I have one solid trial commitment that starts Monday.
25    I don't expect it is going to be a long trial, but it is not

1   going to plead.  I am not sure about an April trial date.
2   Again, that is going to be a very short trial, but may be a
3   little tricky for me.
4            Your Honor had mentioned the possibility of a second
5   attorney, in which case we would certainly double our efforts.
6            THE COURT:  Look, as I recall from the trial that you
7   handled in front of me several years ago, you had not one, but
8   two colleagues.  I am open to a reasonable application.  I am
9   mindful that on its own terms, the case has a substantial
10  volume of discovery and some complexity.  I am mindful as now
11  that as successor counsel, you come to a situation where
12  Mr. Alimehmeti has been held for a substantial period of time
13  and through a series of what amounts to unexpected and a
14  unfortunate events, a conflict has been spotted at the late
15  stage.  I therefore want to make sure that you have all the
16  resources you need so you can work efficiently in heading up,
17  if need be, a team of one or two others so they can be
18  assisting you to get up to speed as quickly as possible.  I do
19  think the May date is realistic.
20           MR. KELLMAN:  With some flexibility.
21           THE COURT:  I respect your judgment as a professional
22  and I want to you take stock of all that.  I am going to get
23  you the resources you need.
24           MR. KELLMAN:  Thank you, Judge.
25           THE COURT:  You submit an application promptly.

|   |   |
|---|---|
| 1 | MR. KELLMAN:  I also would like to get to know my |
| 2 | client. |
| 3 | THE COURT:  I know you will. |
| 4 | Going around then each of the tables, I am going to |
| 5 | have a word of thanks in a moment for the defense. |
| 6 | Before I do that, anything further from the |
| 7 | government? |
| 8 | MR. TURNER:  May I have one moment, your Honor? |
| 9 | THE COURT:  Yes. |
| 10 | (Pause) |
| 11 | MR. TURNER:  Judge, one scheduling matter.  As the |
| 12 | court is aware, the next deadline on the court's calendar for |
| 13 | pretrial filings would be Monday for a request to charge, voir |
| 14 | dire, verdict form. |
| 15 | THE COURT:  Right. |
| 16 | MR. TURNER:  In light of the events today, it would |
| 17 | seem to make sense to adjourn that. |
| 18 | THE COURT:  It would indeed.  Those dates for those, |
| 19 | what amount to final pretrial submissions, are adjourned.  I |
| 20 | expect, though, that at the January 25 conference, I would like |
| 21 | to set a comprehensive set of dates leading up to what will be |
| 22 | our next trial date.  You can expect a deadline for those |
| 23 | materials roughly as far in advance of the new trial date as |
| 24 | these were in advance of the one that we're adjourning today. |
| 25 | MR. TURNER:  Understood, your Honor. |

|   |   |
|---|---|
| 1 | THE COURT:  Anything else from the government? |
| 2 | MR. TURNER:  No, Judge. |
| 3 | THE COURT:  Anything else from you, Ms. Shroff? |
| 4 | MS. SHROFF:  Well, your Honor, we are not formally |
| 5 | relieved.  On behalf of our office, I mean our entire office, |
| 6 | including the paralegals, social workers, and everyone else who |
| 7 | worked for Mr. Alimehmeti, we really do wish him well and, of |
| 8 | course, we assure him here -- not the court, him -- that we |
| 9 | intend to fully help Ms. Kellman as best as we can so that all |
| 10 | good comes to him. |
| 11 | THE COURT:  OK. |
| 12 | MS. SHROFF:  All of those that worked on his case and |
| 13 | for him are present in court today and they want Mr. Alimehmeti |
| 14 | to know that. |
| 15 | THE COURT:  Can I see a show of hands from the people |
| 16 | of Federal Defenders who are not at the table who worked for |
| 17 | Mr. Alimehmeti. |
| 18 | Thank you, Ms. Shroff, for saying that.  That is a |
| 19 | good segway then, if there is nothing else from you. |
| 20 | MS. SHROFF:  No.  We have one other person that works |
| 21 | with Mr. Alimehmeti.  I am going to try our best to make sure |
| 22 | that those people who are not touched by the conflict remain |
| 23 | supportive of his being while he is in jail. |
| 24 | I apologize.  I know sentimentality doesn't have a lot |
| 25 | of room at 40 Foley.  I want Mr. Alimehmeti -- |

THE COURT:  There is room in this courtroom.  I appreciate what you said.

Let me just say this.  One of the rewarding aspects of this job is to see dedicated professionals in action.  That has been so much on display on your part, Ms. Shroff, on your part, Ms. Levine, since this case came to me.  It's been apparent from the outset your deep dedication to your client, your heroic work ethics, your smarts, and your extraordinary talent and competence.  We are all blessed to have the two of you as regular counsel in this district, and I've been enormously fortunate to have you as counsel before me in this case, as Mr. Alimehmeti has been enormously fortunate to have them by his side.  The fact that you have formed those sentimental connections speaks well of your humanity and your passion for what you do.

Beyond that, though, I want to thank and commend other members of Federal Defenders, those here, those who are not, for all you have done.  I am well aware that what I see is sometimes the tip of an iceberg.  What is below the water line is the hard work of a team, and I want to thank and commend all of you for what I know must have been heroic and dedicated efforts as well on Mr. Alimehmeti's part.  I'm sorry that I won't get the benefit of seeing, at least in immediate form, your work product at this trial.  I know it would have been characteristically excellent.

1           Mr. Alimehmeti, I know you know the fact that the
2  court's obliged under the circumstances to appoint successor
3  counsel and eventually relieve once the transition period has
4  run its course your current counsel, I know it is no reflection
5  on them.  It is one of those circumstances that from time to
6  time certainly arise.  Certainly they had no clue that an issue
7  like this was ever going to come up.  I gave lots of thought to
8  making sure that you had a superb successor attorney.  I can
9  represent to you that you do.
10           With that, we stand adjourned.  I wish everyone well.
11  I see you at January 25 at 2:00 p.m.
12           (Adjourned)