I2lWaliP

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

              v.                        16 Cr. 398 (PAE)


SAJMIR ALIMEHMETI,
a/k/a "Abdul Qawii,"


                                        Plea
              Defendant.

------------------------------x

                                        New York, N.Y.
                                        February 21, 2018
                                        9:15 a.m.


Before:

                    HON. PAUL A. ENGELMAYER,

                                        District Judge


                          APPEARANCES

GEOFFREY S. BERMAN
     Interim United States Attorney for
     the Southern District of New York
EMIL J. BOVE III
GEORGE D. TURNER
     Assistant United States Attorneys

SUSAN G. KELLMAN
SARAH KUNSTLER
     Attorneys for Defendant



Also Present:  Joseph Landers, Special Agent, FBI
```

I2lWaliP

1        (Case called)

2        MR. BOVE:  Good morning, your Honor.  Emil Bove and

3   George Turner, for the government, and we have here with us

4   Joseph Landers from the FBI.

5        THE COURT:  All right.  Good morning, Mr. Bove.

6        Good morning, Mr. Turner.

7        And good morning to you, Mr. Landers.

8        MS. KELLMAN:  Good morning, your Honor.  Susan Kellman

9   and Sarah Kunstler, for Sajmir Alimehmeti.  We're ready to

10   proceed.

11        THE COURT:  All right.  Good morning, Ms. Kellman.

12        Good morning, Ms. Kunstler.

13        Good morning, of course, to you, Mr. Alimehmeti.

14        You may all be seated.

15        Ms. Kellman, I have been informed that your client

16   wishes today to plead guilty to the superseding indictment in

17   this case; that is, S1 16 Cr. 398.  Is that correct?

18        MS. KELLMAN:  Yes, your Honor, it is.

19        THE COURT:  Mr. Alimehmeti, is it correct that you

20   intend today to plead guilty to the superseding indictment in

21   this case?

22        THE DEFENDANT:  Yes, your Honor.

23        THE COURT:  All right.  Before I accept your guilty

24   plea, I'm going to ask you certain questions so that I can

25   establish to my satisfaction that you wish to plead guilty

I2lWaliP

```
 1    because you are guilty and not for some other reason.  If you
 2    don't understand any of my questions or you'd like a further
 3    opportunity to consult your attorneys, will you please let me
 4    know.
 5              THE DEFENDANT:  Yes.
 6              THE COURT:  Are you able to speak and understand
 7    English?
 8              THE DEFENDANT:  Yes.
 9              THE COURT:  Mr. Smallman, would you kindly place the
10    defendant under oath.
11              Mr. Alimehmeti, would you kindly move the microphone a
12    little closer to you.  Thank you.
13              Go ahead, Mr. Smallman.
14              (Defendant sworn)
15              THE COURT:  Mr. Alimehmeti, you may be seated.
16              Do you understand that you are now under oath and that
17    if you answer any of my questions falsely, your answers to my
18    questions may be used against you in another prosecution for
19    perjury?
20              THE DEFENDANT:  I do.
21              THE COURT:  What is your full name?
22              THE DEFENDANT:  My full name is Sajmir Alimehmeti.
23              THE COURT:  How old are you?
24              THE DEFENDANT:  I'm 24 years old.
25              THE COURT:  How far did you go in school?
```

I2lWaliP

1              THE DEFENDANT:  I was currently enrolled in college

2        prior to my arrest.

3              THE COURT:  Where were you enrolled in college?

4              THE DEFENDANT:  AAMI.  It's American

5        Academy-McAllister Institute of Funeral Services.

6              THE COURT:  Where is that?

7              THE DEFENDANT:  In Manhattan.

8              THE COURT:  Thank you.

9              Have you ever been treated or hospitalized for any

10       mental illness?

11             THE DEFENDANT:  No.

12             THE COURT:  Are you now or have you recently been

13       under the care of a doctor or psychiatrist?

14             THE DEFENDANT:  No.

15             THE COURT:  Have you ever been hospitalized or treated

16       for addiction to any drugs or to alcohol?

17             THE DEFENDANT:  No.

18             THE COURT:  In the past 24 hours, have you taken any

19       drugs, medicine or pills, or drunk any alcoholic beverages?

20             THE DEFENDANT:  No.

21             THE COURT:  Is your mind clear today?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Do you understand what's happening in this

24       proceeding?

25             THE DEFENDANT:  Yes.

1          THE COURT:  Ms. Kellman, do you have any doubt as to

2     your client's competence to plead at this time?

3          MS. KELLMAN:  I don't, your Honor.

4          THE COURT:  Government, how about you?

5          MR. BOVE:  No, your Honor.

6          THE COURT:  Based on Mr. Alimehmeti's responses to my

7     questions and his demeanor as he appears before me, I find that

8     he is competent to enter a plea of guilty at this time.

9          As to that, I would note that I had a substantial

10    interaction with Mr. Alimehmeti a month or two ago in the

11    context of a *Curcio* proceeding and was able through that as

12    well to form a thoughtful judgment about Mr. Alimehmeti's

13    competence.  He presented to me then, as he does today, as

14    quite intelligent and very clearly responsive and of a very

15    clear mind.

16         Mr. Alimehmeti, have you had a sufficient opportunity

17    to discuss your case with your attorneys?

18         THE DEFENDANT:  I have, your Honor.

19         THE COURT:  Have you had a sufficient opportunity to

20    discuss the particular charges to which you intend to plead

21    guilty, any possible defenses to those charges, and the

22    consequences of entering a plea of guilty?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Are you satisfied with your attorneys'

25    representation of you, including in connection with whether to

I2lWaliP

1   enter a guilty plea?

2           THE DEFENDANT:  I am.

3           THE COURT:  I'm now going to explain certain

4   constitutional rights that you have.  You'll be giving up these

5   rights if you enter a plea of guilty.

6           Under the Constitution and laws of the United States,

7   you are entitled to a speedy and a public trial by a jury on

8   the charges contained in the superseding indictment.

9           Do you understand that?

10          THE DEFENDANT:  Yes.

11          THE COURT:  At that trial, you would be presumed to be

12  innocent, and the government would be required to prove you

13  guilty by competent evidence and beyond a reasonable doubt

14  before you could be found guilty.  You would not have to prove

15  that you were innocent, and a jury of 12 people would have to

16  agree unanimously that you were guilty.

17          Do you understand that?

18          THE DEFENDANT:  Yes.

19          THE COURT:  At that trial and at every stage of your

20  case, you would be entitled to be represented by an attorney,

21  and if you could not afford one, one would be appointed to

22  represent you free of charge.

23          Do you understand that?

24          THE DEFENDANT:  I do.

25          THE COURT:  During a trial, the witnesses for the

I2lWaliP

```
1    government would have to come to court and testify in your

2    presence, and your lawyer could cross-examine the witnesses for

3    the government, object to evidence offered by the government,

4    and if you desired, issue subpoenas, offer evidence and compel

5    witnesses to testify on your behalf.

6            Do you understand that?

7            THE DEFENDANT:  Yes.

8            THE COURT:  At a trial, although you would have the

9    right to testify if you chose to do so, you would also have the

10   right not to testify, and no inference or suggestion of guilt

11   could be drawn from the fact that you did not testify if that

12   was what you chose to do.

13           Do you understand that?

14           THE DEFENDANT:  Yes.

15           THE COURT:  At trial, the government would have to

16   prove each and every part, or element, of the charge beyond a

17   reasonable doubt for you to be convicted of that charge.

18           Do you understand that?

19           THE DEFENDANT:  Yes.

20           THE COURT:  Do you understand that if you were

21   convicted at a trial, you would have the right to appeal that

22   verdict?

23           THE DEFENDANT:  Yes.

24           THE COURT:  Do you understand that even at this time,

25   right now, even as you're in the process of entering this
```

I2lWaliP

1    guilty plea, you have the right to change your mind, plead not

2    guilty and go to trial?

3             Do you understand that?

4             THE DEFENDANT:  I do.

5             THE COURT:  If you plead guilty and I accept your

6    plea, you'll give up your right to a trial and the other rights

7    that I've just described.  There will be no trial, and I will

8    enter a judgment of guilty and sentence you on the basis of

9    your guilty plea, after considering the submissions relating to

10   sentencing that I receive from you, your lawyer and the

11   government, as well as a presentence report prepared by the

12   probation department.

13            Do you understand that?

14            THE DEFENDANT:  Yes.

15            THE COURT:  If you plead guilty, you'll also have to

16   give up your right not to incriminate yourself, because I will

17   ask you questions about what you did in order to satisfy myself

18   that you are guilty as charged.

19            Do you understand that?

20            THE DEFENDANT:  I do.

21            THE COURT:  Now, the Court has issued a number of

22   decisions in this case.  These include, most recently,

23   decisions on the parties' motions *in limine*.  Also, they also

24   include, among others, a decision denying the defendant's

25   motion to suppress evidence obtained pursuant to the Foreign

I2lWaliP

1  Intelligence Surveillance Act.  If you plead guilty and I

2  accept your plea, you'll give up your right to challenge any of

3  those decisions.

4          Do you understand that?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Mr. Alimehmeti, have you received a copy

7  of the superseding indictment containing the charges against

8  you?

9          THE DEFENDANT:  I have.

10          THE COURT:  Have you read it?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Have you had an opportunity to discuss it

13  with your attorney?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Do you understand that in Count One,

16  you're charged with providing, and attempting to provide,

17  material support or resources to a foreign terrorist

18  organization, in violation of Title 18, United States Code,

19  Sections 2339B and 2?

20          THE DEFENDANT:  Yes.

21          THE COURT:  And do you understand that in Count Two,

22  you're charged with making a false statement in an application

23  for a passport in order to facilitate an act of international

24  terrorism, in violation of Title 18, United States Code,

25  Section 1542?

I2lWaliP

1        THE DEFENDANT:  Yes.

2        THE COURT:  Mr. Bove, would you kindly, please, state

3   count by count the elements of those two offenses.

4        MR. BOVE:  Yes, your Honor.

5        With respect to Count One, the alleged violation of

6   Section 2339B, there are four elements:

7        First, that the defendant provided, or attempted to

8   provide, material support or resources; second, that he did so

9   with respect to an officially designated foreign terrorist

10  organization.  Here, the allegation is that that organization

11  is ISIS, which was so designated at the times alleged in the

12  superseding indictment.

13       The third element is that the defendant acted

14  knowingly;

15       And finally, the government would be required to

16  establish a jurisdictional element, which is satisfied, for

17  example, if the offender is a national of the United States.

18       With respect to Count Two, your Honor, there are four

19  elements.

20       The first is that the defendant made a false statement

21  in an application for a United States passport; second, that he

22  did so with intent to induce or secure the issuance of a

23  passport for his own use or the use of another; third, that the

24  defendant acted knowingly and willfully; and fourth, that the

25  defendant committed the offense charged in Count Two in order

I2lWaliP

1   to facilitate an act of international terrorism.  And here,

2   that term is covered by the type of conduct that would satisfy

3   the elements of Count One.

4           THE COURT:  All right.  Very good.  Thank you.

5           Ms. Kellman, are you in agreement with the government

6   that those are the elements of the offenses in question?

7           MS. KELLMAN:  Yes, your Honor.

8           THE COURT:  Mr. Alimehmeti, did you hear and

9   understand Mr. Bove as he summarized those elements?

10          THE DEFENDANT:  Yes.

11          THE COURT:  And do you understand that if you were to

12  go to trial, the government would have to prove all of those

13  elements beyond a reasonable doubt?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Do you understand that the maximum

16  possible penalty on Count One is 20 years' imprisonment?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Do you understand that the maximum

19  possible penalty on Count Two is 25 years' imprisonment?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Do you understand that the Court would

22  have the latitude of imposing sentences -- let me back up.

23          Do you understand that I will have to impose a

24  separate sentence on each of those two counts?

25          THE DEFENDANT:  Yes.

I2lWaliP

1          THE COURT:  Do you understand that the Court may

2  impose those sentences either consecutively or concurrently,

3  meaning together or one following the other?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Do you understand that if I were to order

6  you to serve your sentences consecutively, the maximum possible

7  punishment, adding 25 to 20, would be 45 years' imprisonment?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Do you understand that the maximum fine on

10  each of the two counts is the greater of $250,000, twice the

11  gross pecuniary loss derived from the offense or twice the

12  gross pecuniary loss to a person other than you as a result of

13  the offense?

14          THE DEFENDANT:  Yes.

15          THE COURT:  All right.  Do you understand that for

16  pleading guilty to Count One, you may receive a term of up to

17  three years' supervised release, and for pleading guilty to

18  Count Two, you may receive a term of up to five years'

19  supervised release?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Supervised release means that you will be

22  subject to monitoring when you are released from prison.  There

23  are terms of supervised release with which a person must

24  comply.  If you don't comply with them, you can be returned to

25  prison without a jury trial for all or part of the term of

I2lWaliP

1   supervised release imposed by the Court.  Under those

2   circumstances, you would not be given any credit towards that

3   term for the time you had already served in prison as a result

4   of your sentence for this crime, or these crimes.  Nor would

5   you necessarily be given any credit toward that term for any

6   time you'd already spent on postrelease supervision.

7           Do you understand that?

8           THE DEFENDANT:  Yes.

9           THE COURT:  For pleading guilty to each of these

10  crimes, you will be required to pay a mandatory $100 statutory

11  special assessment.

12          Do you understand that?

13          THE DEFENDANT:  Yes.

14          THE COURT:  For pleading guilty to these crimes, you

15  may be required to pay restitution to any persons injured as a

16  result of your criminal conduct.

17          THE DEFENDANT:  Yes.

18          THE COURT:  Do you understand that?

19          THE DEFENDANT:  Yes.

20          THE COURT:  For pleading guilty to these crimes, you

21  may be compelled to forfeit any and all property constituting

22  and derived from proceeds obtained by your criminal conduct.

23          Do you understand that?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Do you also understand that if I accept

I2lWaliP

```
1    your guilty plea and adjudge you guilty, that may deprive you

2    of valuable civil rights, such as the right to vote, the right

3    to hold public office, the right to serve on a jury, and the

4    right to possess any kind of firearm?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Are you a United States citizen?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Under current law, there are sentencing

9    guidelines as well as other factors set forth in the sentencing

10   statutes that judges must consider in determining a sentence.

11             Do you understand that?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Have you spoken with your attorneys about

14   the sentencing guidelines and those other factors?

15             THE DEFENDANT:  I have.

16             THE COURT:  Do you understand that the Court will not

17   be able to determine the guideline range that will form a part

18   of my determination of what a reasonable sentence will be in

19   your case until after a presentence report has been prepared

20   and until after you and your attorney and the government have

21   all had a chance to challenge any of the facts reported there

22   by the probation officer?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Do you understand that even though the

25   government has provided you with its current calculation of how
```

I2lWaliP

1    the guidelines apply to your offenses -- and that is in the

2    government's so-called *Pimentel* letter -- the government's

3    assessment that the guidelines recommend a sentence of between

4    360 and 540 months in prison is not binding on the probation

5    department and is not binding on the Court?

6                THE DEFENDANT:  Yes.

7                THE COURT:  Indeed, it's not even binding on the

8    government; the government is at liberty to change its

9    assessment of how the guidelines apply here.

10               Do you understand that?

11               THE DEFENDANT:  Yes.

12               THE COURT:  Do you understand that even after the

13   Court has determined what guideline range applies to your case,

14   the Court has the discretion under the current law to impose a

15   sentence that is higher or lower than the one suggested by the

16   guidelines?

17               Do you understand that?

18               THE DEFENDANT:  Yes.

19               THE COURT:  Do you understand that if your attorney or

20   anyone else has attempted to predict what your sentence will

21   be, their prediction could be wrong?  No one -- not your

22   attorney, not the government's attorney, no one -- can give you

23   any assurance of what your sentence will be, because I am going

24   to decide your sentence, and I'm not going to do that now, and

25   I really can't do that now.  I'm going to wait until I receive

I2lWaliP

1   the probation department's presentence report.  I'm going to

2   wait until I receive the parties' sentencing submissions.  I'm

3   going to review all of those thoughtfully and very carefully.

4   I'm going to make my own independent calculation of what the

5   sentencing guidelines recommend, but most of all, I'm going to

6   determine what a reasonable sentence is for you based on all of

7   the factors contained in the sentencing statute, which is known

8   as Section 3553(a).

9           Do you understand all that?

10          THE DEFENDANT:  I do.

11          THE COURT:  Have you discussed these issues and the

12  overall sentencing process with your attorneys?

13          THE DEFENDANT:  I have.

14          THE COURT:  Even if your sentence is different from

15  what your attorney or anyone else has told you it might be,

16  even if it's different from what you expect, you would still be

17  bound by your guilty plea and you would not be allowed to

18  withdraw your plea of guilty.

19          Do you understand that?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Has anyone threatened you or anyone else

22  or forced you in any way to plead guilty?

23          THE DEFENDANT:  No.

24          THE COURT:  Has there been a plea agreement entered

25  into between you and your counsel and counsel for the

I2lWaliP

1   government?

2                THE DEFENDANT:  No.

3                THE COURT:  Has anyone made a promise to you as to

4    what your sentence will be?

5                THE DEFENDANT:  No.

6                THE COURT:  All right.  At this point, Mr. Alimehmeti,

7    I'm going to ask you to tell me in your own words what you did

8    that makes you believe you're guilty of the charges in the

9    superseding indictment.

10               Ms. Kellman, is this a situation in which the

11   defendant has something written out?

12               MS. KELLMAN:  Yes, it is, your Honor.

13               THE COURT:  All right.  Then I just need to question

14   Mr. Alimehmeti about that.

15               Mr. Alimehmeti, am I correct that you will be reading

16   from a document as you describe what you did that makes you

17   believe you're guilty of these two offenses?

18               THE DEFENDANT:  Yes.

19               THE COURT:  That's fine.  I just want to make sure in

20   advance that you have read to yourself already what it is

21   you're about to read from and that you're satisfied that

22   everything in there is factually accurate.  Is that so?

23               THE DEFENDANT:  Yes.

24               THE COURT:  Go ahead.  Just take it nice and slowly

25   for the benefit of the court reporter.

I2lWaliP

1          THE DEFENDANT:  As to Count One of the indictment, I

2     attempted to provide material support to a foreign terrorist

3     organization by trying to aid another person in his efforts to

4     travel to Syria to join ISIS.  At the time I did this, I knew

5     that ISIS was a terrorist organization, and at the time I did

6     this, I knew it was unlawful.

7          As to Count Two of the indictment, in October 2015, I

8     told the passport officer in Manhattan that I lost my passport,

9     which wasn't true.  I did this hoping to get a clean passport

10    that might make it easier for me to travel to Syria where I

11    hoped to join ISIS.  At the time I did this, I knew it was

12    unlawful.

13         THE COURT:  All right.  A few questions just as to

14    location, as to venue, and you may have addressed this in the

15    course of what you said.

16         As to Count One, did something happen in connection

17    with Count One in either Manhattan or the Bronx?

18         (Counsel and defendant conferred)

19         THE DEFENDANT:  Manhattan.

20         THE COURT:  What happened?

21         THE DEFENDANT:  I --

22         THE COURT:  Tell me something that happened in

23    furtherance of the crime you've described in Count One.

24         (Counsel and defendant conferred)

25         THE DEFENDANT:  I met with another person who was --

I2lWaliP

1     wanted to travel to Syria to join ISIS, and I aided him

2     throughout that day and assisted him, in Manhattan.

3              THE COURT:  Very good.  And what about Count Two; same

4     question?

5              THE DEFENDANT:  In Count Two, in Manhattan as well, I

6     was called to a passport agency and inquired about my lost

7     passport that I reported, and I lied to the passport officer,

8     telling him I lost my passport when, in fact, I didn't lose it.

9              THE COURT:  That conversation occurred in Manhattan?

10             THE DEFENDANT:  Yes.

11             THE COURT:  When you did these acts, did you know that

12    what you were doing was wrong?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Did you know that you were committing a

15    crime?

16             THE DEFENDANT:  Yes.

17             THE COURT:  All right.  Does government counsel agree

18    that there is a sufficient factual predicate for a guilty plea?

19             MR. BOVE:  Judge, we would just ask for a

20    clarification, that the statements or the lies that the

21    defendant has described making about his passport were made in

22    connection with a passport application that he submitted for a

23    U.S. passport.

24             THE COURT:  Mr. Alimehmeti, did you hear what Mr. Bove

25    just said?

I2lWaliP

1          THE DEFENDANT:  Can you repeat it one more time,

2     please?

3          THE COURT:  Sure.  He wants me to ask you to clarify

4     whether the false statement that you described in connection

5     with Count Two was made in connection with your passport

6     application.

7          THE DEFENDANT:  Yes.

8          THE COURT:  Mr. Bove, does that satisfy that concern?

9          MR. BOVE:  Yes, your Honor.

10          THE COURT:  Anything else?

11          MR. BOVE:  No, your Honor.

12          THE COURT:  Defense counsel, do you agree that there

13     is a sufficient factual predicate for a guilty plea?

14          MS. KELLMAN:  Yes, your Honor.

15          THE COURT:  Ms. Kellman, do you know of any valid

16     defense that would prevail at trial or any reason why your

17     client should not be permitted to plead guilty?

18          MS. KELLMAN:  No, your Honor.

19          THE COURT:  Mr. Alimehmeti, are you pleading guilty

20     today voluntarily and of your own free will and because you

21     are, in fact, guilty?

22          THE DEFENDANT:  I am, your Honor.

23          THE COURT:  Can government counsel represent that had

24     the case gone to trial, it had sufficient evidence of each

25     element to establish a conviction on each count?

I2lWaliP

1          MR. BOVE:  Yes, your Honor.

2          THE COURT:  Mr. Alimehmeti, because you acknowledge

3     that you are, in fact, guilty as charged in the superseding

4     indictment; because I'm satisfied that you know of your rights,

5     including your right to go to trial; because I'm satisfied that

6     you're aware of the consequences of your plea, including the

7     sentence that may be imposed; and because I find that you are

8     voluntarily pleading guilty, I accept your guilty plea and I

9     enter a judgment of guilty on both counts, Counts One and Two,

10    on which you have pled guilty.

11          Mr. Alimehmeti, the next phase of your case will

12    involve the sentencing process, and I'm going to ask you to

13    listen carefully to what I'm about to say.

14          The probation department is going to want to interview

15    you in connection with the presentence report that it will

16    prepare.  If you choose to speak with the probation department,

17    please make sure that anything you say to them is truthful and

18    accurate.  I read those reports very carefully.  They're often

19    quite important to me in determining what a reasonable sentence

20    is in the particular case.  You and your counsel have a right

21    to examine the report and to comment on it at the time of

22    sentencing.  I urge you to read it and to discuss it with your

23    attorneys before sentencing.  If there are any mistakes in it,

24    please let your attorneys know so that they can bring those

25    mistakes to my attention before sentencing.

I2lWaliP

1          Will you agree to do that?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Ms. Kellman, I take it this is not a case

4   in which you are seeking an expedited sentence.

5          MS. KELLMAN:  That's correct, Judge.

6          THE COURT:  All right.  Counsel, let me ask -- the

7   case, obviously, is not without its complexities -- how much

8   time should we leave between now and sentencing?

9          Government, is there any reason for any longer time

10  period than usual?

11         MR. BOVE:  We don't think so, your Honor.

12         THE COURT:  Defense.

13         MS. KELLMAN:  Other than my own trial schedule, I

14  expect to possibly be on trial most of the month of March, so

15  perhaps we could have sometime in May.

16         THE COURT:  All right.  I was going to propose early

17  June, which should give you plenty of time.

18         MS. KELLMAN:  Even better.

19         THE COURT:  All right.  How about June 7 at 11:30

20  a.m.?

21         MS. KELLMAN:  That's fine with the defense.  Thank

22  you, your Honor.

23         THE COURT:  Government, does that work for you?

24         MR. BOVE:  Yes.

25         THE COURT:  All right.  I'll set sentencing down for

I2lWaliP

1    that date.

2           Ms. Kellman, you should arrange for your client to be

3    interviewed by the probation department within the next two

4    weeks.

5           Government, you should provide your case summary to

6    the probation department within the next two weeks.

7           In connection with sentencing, defense submissions are

8    due two weeks before sentencing.  The government's submission

9    is due one week before sentencing.

10          Let me just ask, government, is there any reason to

11   think that there will be any issues at sentencing that relate

12   in any way to classified materials, or can I assume that the

13   sentencing here will be carried out without need for any

14   special procedures?

15          MR. BOVE:  That's certainly our intention, your Honor,

16   and we expect that we'll be able to comply with that.  If that

17   changes, we'll let the Court know.

18          THE COURT:  All right.  If there's any reason to think

19   that there's anything other than ordinary about the means by

20   which information will be conveyed to the Court, please let me

21   know as soon as possible.

22          MR. BOVE:  Yes.

23          THE COURT:  Anything further from the government?

24          MR. BOVE:  No, your Honor.  Thank you.

25          THE COURT:  Anything further from the defense?

I2lWaliP

| | |
|---|---|
| 1 | MS. KELLMAN:  Your Honor, we had a number of |
| 2 | CJA-related requests that we could discuss with the Court once |
| 3 | we're finished here, if that's possible. |
| 4 | THE COURT:  I take it these are of a nature that are |
| 5 | properly done *ex parte*. |
| 6 | MS. KELLMAN:  Yes, your Honor. |
| 7 | THE COURT:  Involving just authorization for one thing |
| 8 | or another. |
| 9 | MS. KELLMAN:  Yes. |
| 10 | THE COURT:  I'm happy to take that up in the robing |
| 11 | room with you after this. |
| 12 | MS. KELLMAN:  Absolutely. |
| 13 | THE COURT:  All right.  But there's nothing else |
| 14 | beyond that. |
| 15 | MS. KELLMAN:  Nothing with respect to these |
| 16 | proceedings. |
| 17 | THE COURT:  Very good.  We stand adjourned. |
| 18 | I will see defense counsel and the court reporter in |
| 19 | the robing room in a minute. |
| 20 | (Adjourned) |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |