UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

SAJMIR ALIMEHMETI,

Defendant.

16-CR-398 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received three letters regarding the defense's request for an adjournment of sentencing in this case: the defense's letter of May 10, 2019, which is properly filed *ex parte* and is to be filed under seal; the Government's response of May 17, 2019; and the defense's reply of May 22, 2019. The latter two letters are properly publicly filed and accordingly are attached to this order. For the reasons stated in both letters from the defense, a six-month adjournment of sentencing is justified here. Sentencing is rescheduled for December 6, 2019, at 9:30 a.m. The parties should not expect any further adjournments of this date.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: May 22, 2019
       New York, New York



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

May 17, 2019

**BY ECF AND EMAIL**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>United States</u> v. <u>Sajmir Alimehmeti</u>, S1 16 Cr. 398 (PAE)

Dear Judge Engelmayer:

      The Government respectfully submits this letter in connection with the sentencing of the above-referenced defendant. We understand from defense counsel that the defense recently filed an *ex parte* request to adjourn the current sentencing date of June 11, 2019, and that the Court granted that request. We respectfully inquire as to whether a new sentencing date has been set, and request that sentencing be held as soon as practicable.

      As the Court is aware, sentencing was initially scheduled for nearly a year ago, on June 7, 2018. In June 2018, the Court granted the defense's request, to which the Government consented, that sentencing be adjourned for approximately six months, to December 4, 2018. (Dkt. 120). Prior to the sentencing date, the defense filed a second adjournment request, by *ex parte* letter dated November 12, 2018, requesting another six-month adjournment, and the Court granted that request and set the current sentencing date of June 11.[1] While we are not privy to the arguments underlying the defense's latest adjournment request (or the basis for the entire

---

[1] The Court granted that adjournment by memo-endorsing the defense's November 12 *ex parte* letter. After the adjournment request had been granted, defense counsel informed the Government of the adjournment by sending the Government a copy of the memo-endorsed *ex parte* letter, thereby making plain that submission of the letter *ex parte* was unwarranted.

Hon. Paul A. Engelmayer  Page 2
May 17, 2019

request being filed *ex parte*[2]), we note that, as in other criminal cases, the Government and the public share important interests in having sentencing carried out promptly. The public and governmental interests in a prompt sentencing are heightened in this case, which involves a defendant from the New York City community convicted of attempting to support a foreign terrorist organization, the Islamic State of Iraq and al-Sham ("ISIS"). The sentencing of the defendant will serve, among other sentencing purposes, the need to deter other individuals from providing support to ISIS. *See* 18 U.S.C. § 3553(a).

                          Respectfully submitted,

                          GEOFFREY S. BERMAN
                          United States Attorney

By: _____/s/_____
      Emil J. Bove III / George D. Turner
      Assistant United States Attorneys
      (212) 637-2444 / 2562

Cc:   Defense Counsel
      (Via ECF and email)

---

[2] The Government recognizes that the request may contain discussion appropriately submitted *ex parte*. However, to the extent the defense predicated its adjournment request on arguments not warranting *ex parte* treatment—such as, for example, asserted issues with accessing the defendant relating to the Special Administrative Measures that the Attorney General has imposed on him at the Metropolitan Correctional Center—we respectfully submit that the Government should have the opportunity to respond to any such assertions.

# LAW OFFICES OF SUSAN G. KELLMAN
25 EIGHTH AVENUE • BROOKLYN, NEW YORK 11217
(718) 783-8200 • FAX (718) 783-8226 • SGK@KELLMANESQ.COM
FELLOW, AMERICAN COLLEGE OF TRIAL LAWYERS

May 22, 2019

**VIA EMAIL and ECF**
Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: Sajmir Alimehmeti
16 Cr. 398 (PAE)

Dear Judge Engelmayer:

I write in response to the government's letter of May 17, 2019, in which it appears that counsel is attempting to "educate" your Honor regarding the importance of swift sentencing:

> The Government and the public share important interests in having sentencing carried out promptly. The public and governmental interests in a prompt sentencing are heightened in this case, which involves a defendant from the New York City community convicted of attempting to support a foreign terrorist organization, the Islamic State of Iraq and al-Sham ("ISIS"). The sentencing of the defendant will serve, among other sentencing purposes, the need to deter other individuals from providing support to ISIS. See 18 U.S.C. § 3553(a).

(Gov't Letter, p. 2)

While comment may not be required, as your Honor has already granted the defendant's request for a continuance of his sentencing date, the government's concerns are only part of the calculus. A defendant also has a right to be promptly sentenced and in particular, our client is seeking closure, so that he can begin moving forward with his life. As a pre-trial SAMS inmate, Mr. Alimehmeti has no physical contact, no human interaction apart from visits from his legal team, a 15-minute telephone call twice a month with his mother, and brief, transactional exchanges with guards. He has never been allowed to sleep with the lights turned off in his cell, and has

May 22, 2019
Hon. Paul A. Engelmayer, U.S.D.J.
Page 2 of 3

waited as long as a year for proper medical, dental and optical care.[1] Mr. Alimehmeti, more than anyone, wants to transition to something different – but not before we have completed our work on his behalf. Neither the defendant, the government nor the public's interest in a just result is promoted by sentencing a young man, who is facing a potential 45-year term in a federal prison, without providing him with the effective assistance of counsel, which includes an opportunity for counsel to investigate and present such mitigating factors as may be appropriate, pursuant to 18 U.S.C. § 3553(a).

The government, which worked on this case for years before the filing of the indictment, may be ready to proceed to a swift sentence. The defense team, which replaced Federal Defenders as counsel last year, is not. While we have been playing catch-up as effectively as possible, it is difficult to build a trusting relationship with a client and move swiftly – especially when we often wait hours to see our client, and then, only through a screen. Access to Mr. Alimehmeti is only a part of the problem; getting Mr. Alimhehmeti's input on a single piece of work product can take months, as it can as long as four to six weeks before a document reaches our client through legal mail.[2] Further, a considerable amount of our time – time that could be spent preparing for sentencing – is spent trying to arrange for our young client to speak to his mother via telephone twice per month for 15 minutes, as well as advocating getting his long-ignored medical problems addressed. Finally, it is difficult to comprehend the government's urgency when they are simultaneously obstructing our request to provide our client with a workable copy of his full discovery – materials that are necessary for us to discuss the merits of certain aspects of his case, which are critically important to formulating our sentencing arguments.

Given what is at stake in this case — our client's life — is it too much to ask the U.S. Attorney's Office to behave in a manner consistent with its obligation that "in a criminal prosecution" it "is not that it shall win a case, but that justice shall be done."[3]

---

[1] If the government's concern is deterrence, it can rest assured that Mr. Alimehmeti's living conditions provide ample deterrence for anyone who is in control of his/her faculties.

[2] BOP counsel has recently informed us that we should be permitted to hand Mr. Alimehmeti documents – through the Lieutenant on duty – at the start of each legal visit, a reality of which SHU officers (and defense counsel) were previously unaware; that said, the SAMS unit no longer has a designated Lieutenant, and so it remains to be seen whether this improvised accommodation will come to fruition.

[3] Paraphrasing from Justice Sutherland's opinion in *Berger v. United States,* 295 U.S. 78 (1935).

May 22, 2019
Hon. Paul A. Engelmayer, U.S.D.J.
Page 3 of 3

      Your Honor has always recognized the need to balance the interests of all parties and the Court's assistance in this case is very much appreciated.

                              Respectfully submitted,

                              /s/

                              Susan G. Kellman