

**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

*Office Of the Warden*

*Metropolitan Correctional Center*
*150 Park Row*
*New York NY 10007*

February 13, 2020

The Honorable Paul Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, N.Y. 10007

   Re: <u>Sajmir Alimehmeti</u>
     Register No. 77704-054

Dear Judge Engelmayer:

The Government writes respectfully to explain why Mr. Alimehmeti's disciplinary sanction will not be suspended pending his transfer.

On December 21, 2019, Mr. Alimehmeti blocked both cameras in his cell. An incident report was written and issued, charging him with violating Disciplinary Code 208, Interfering With a Security Device. The Disciplinary Hearing Officer (DHO) found he committed the prohibited act. A "200" level offense is a high level offense and the DHO imposed 27 days loss of good conduct time, 30 days disciplinary segregation and 4 months loss of commissary. Less than two weeks later, on January 1, 2020, Mr. Alimehmeti covered one camera in his cell, and tampered with the other camera rendering it inoperable. Mr. Alimehmeti was charged with disciplinary code 218, Altering a Life Safety Device. On January 27, 2020, Mr. Alimehmeti was found to have committed the prohibited act by the DHO. He was sanctioned with 27 days loss of good conduct time, and 90 days loss of visiting. Defense counsel mischaracterizes this misconduct as "300" level violations—this certainly is not the case. Covering the camera in a cell is a serious violation of institutional security, and could seriously compromise the safety of Mr. Alimehmeti and staff. Counsel's representation that covering the camera is appreciated by staff is completely baseless and inaccurate.

The appropriate way for an inmate to challenge his disciplinary hearing or sanctions is through the administrative remedy process. The BOP has established a multi-tiered system allowing a federal inmate to seek formal review of an issue relating to any aspect of his/her confinement before seeking redress in federal court. See 28 C.F.R. § 542.10-542.19. The administrative review process mandates that an inmate first report the issue informally to

the prison staff, and the staff must attempt to resolve the issue.  Id. at § 542.13(a).  If the inmate is dissatisfied with the staff's resolution of the informal complaint, the inmate can pursue the formal three-tier administrative remedy process set forth in 28 C.F.R. § 542.10-542.16.  This process is described in the Admission and Orientation Handbook given to inmates upon their arrival at the institution.

An inmate seeking to appeal a DHO decision must submit his appeal directly to the respective Regional Director within 20 calendar days of the date on which he receives the DHO report.  See 28 C.F.R. §§ 542.14(d)(2) and 542.15(a).

If the inmate does not receive relief at this stage, the final level of administrative review involves a Central Office Administrative Remedy Appeal; to obtain such review, the inmate must file a BP-11 form with the General Counsel within thirty calendar days of the date the Regional Director signed the response to the BP-10.  28 C.F.R. § 542.15(a)

No administrative remedy appeal is considered to have been finally exhausted until considered by BOP's Central Office.  Mr. Alimehmeti filed an administrative appeal on January 27, 2020, but did not properly file his appeal. It was rejected, and to date, he has not resubmitted his request. He should not be allowed to circumvent administrative procedures by requesting relief through the Courts.

Finally, the Bureau of Prisons has a strong interest in implementing and enforcing uniform rules for its inmates.  Granting the defendant's request would only encourage other inmates to try to prevail on their attorneys to clog the courts with requests for relief from their disciplinary sanctions.  The BOP is always ready and willing to work with defense counsel to resolve reasonable requests to the Bureau of Prisons.  This request, however, seeks special treatment where none is warranted. The judiciary should not accept the defendant's invitation to micro-manage the decisions rendered by prison officials in the executive branch.

Respectfully submitted,

M. Licon-Vitale
Warden